UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES S. HALL,

        Petitioner,

v.                             CASE NO. 6:14-cv-422-Orl-37KRS
                                      (6:12-cr-172-Orl-37KRS)

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER

This cause is before the Court on the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) and supporting memorandum of law (Doc. No. 2) filed by Charles S. Hall. The Government filed a response (Doc. No. 5) to the section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts.* Petitioner filed a reply (Doc. No. 10) to the response. Petitioner alleges one claim for relief in his motion: he received ineffective assistance of counsel. For the reasons set forth below, the motion will be denied.

### I.   PROCEDURAL BACKGROUND

A grand jury charged Petitioner by indictment with one count of receipt of child pornography (Criminal Case No. 6:12-cr-172-Orl-37KRS, Doc. No. 1).[1]  Petitioner

---

[1]Criminal Case No. 6:12-cr-172-Orl-37KRS will be referred to as "Criminal Case."

subsequently entered into a plea agreement in which, among other matters, he agreed to enter a guilty plea to the charge in the indictment (Criminal Case Doc. No. 45). The Court held a hearing on the plea and ultimately accepted it. The Court later entered a Judgment adjudicating Petitioner guilty of receipt of child pornography and sentenced him to imprisonment for a term of 180 months, to be followed by supervised release for a total term of 10 years (Criminal Case Doc. No. 51). Petitioner did not file a direct appeal.

## II.    LEGAL STANDARDS

### A.    Standard for Ineffective Assistance of Counsel

In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id*. at 687.[1] A

---

[1]In order to satisfy the prejudice requirement of the two-prong test forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted). A "reasonable probability" is "a

court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

### III.   ANALYSIS

Petitioner states that he received ineffective assistance of counsel because counsel mistakenly told him that "unless he entered a guilty plea, the Court could sentence him to 40 years in prison." *See* Doc. No. 2 at 2-3. Petitioner also states that had he "been told that the bottom of his Guidelines range would be 180 months whether he signed a Plea Agreement or went to trial, [he] would not have signed the Plea Agreement and pled guilty, but instead gone to trial." *Id.* at 4. Moreover, Petitioner states that the Government's "promise to consider a § 5K1.1 motion was nugatory, because the information [Petitioner] possessed was of no interest to the Government." *Id.* at 4.

In reviewing the constitutional adequacy of a guilty plea, the Eleventh Circuit has indicated as follows:

> A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

*Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (quotation omitted) (citation omitted). As discussed by the Fifth Circuit in *United States v. Gaitan*, 954 F.2d 1005 (5th Cir. 1992):

---

probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Significantly, the "reasonable probability" standard "is less than proof by a preponderance of the evidence." *Agan v. Singletary*, 12 F.3d 1012, 1018 (11th Cir. 1994).

> The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged.  As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences.

*Id*. at 1012 (quotation omitted) (citations omitted).

The Supreme Court has determined that a defendant's representations at a plea hearing "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  This is because "[s]olemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  *Id*. at 74.  "When a defendant pleads guilty relying upon his counsel's best professional judgment, he cannot later argue that his plea was due to coercion by counsel."  *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984).

The Court notes initially that, under the plea agreement, Petitioner acknowledged that "Count One is punishable by a mandatory minimum term of imprisonment of 15 years up to 40 years . . . ."  *See* Criminal Case Doc. No. 45 at 1.

At the plea hearing, the Court engaged in a thorough plea colloquy, during which Petitioner testified under oath that no one had promised him anything other than what was in the plea agreement, that he entered the plea through his own free will, and that no one forced or coerced him to plead guilty.  *See* Criminal Case Doc. No. 53 at 26-28.  Petitioner also acknowledged that he had reviewed the plea agreement with his

4

attorney, that he had sufficient time to think about and discuss the matter fully with his attorney before entering his guilty plea, and that he was fully satisfied with counsel and his advice.  *Id.* at 16-17, 28.  Petitioner also swore that he understood that there was "a mandatory minimum term of imprisonment of 15 years, up to a term of 40 years . . . ." *Id.* at 14.

Petitioner stated that he understood that the Court was not bound by any recommendation of the parties as to a sentence, and, if a sentence were more severe than Petitioner expected, he still would be bound by his plea.  *Id.* at 11-12, 18.   In addition, Petitioner stated that he was not relying on "any agreement, promises or understandings with anyone concerning what sentence will be imposed if you plead guilty other than the terms contained in your Plea Agreement[.]"  *Id.* at 27.  He also understood that he did know with any certainty what sentence he would receive.  *Id.*

Further, Petitioner told the Court that he understood the charge against him, that he agreed with the Government's factual summary, and that he understood it was "up to the government" to decide whether to inform the Court as to, and request Petitioner be given consideration with regard to, any assistance he provided.  *Id.* at 12-13, 18-19, 22-26.

The record in this case reflects that Petitioner understood the charges against him, understood the consequences of his plea, and voluntarily chose to enter his plea of guilty without being misled or otherwise misinformed.   Petitioner's responses throughout the entry of his pleas illustrate a comprehension of the statements of the

trial court and counsel, and therefore the record supports a finding that the plea was valid.  Petitioner was not misled or misinformed as to the sentence he would receive or as to the law, and every effort was made to help Petitioner understand his rights and options.  Petitioner entered into his plea of guilty voluntarily and knowingly, and he has failed to demonstrate that counsel's conduct was in any manner deficient or that he sustained prejudice.  Consequently, the Court finds that the claim must be denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Charles S. Hall (Doc. No. 1) is **DENIED**, and this case is **DISMISSED with prejudice**.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.  A copy of this Order and the judgment shall also be filed in criminal case number 6:12-cr-172-Orl-37KRS.

3.      The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 56) filed in criminal case number 6:12-cr-172-Orl-37KRS.

4.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[2]   Accordingly, a Certificate of Appealability is **DENIED** in this

case.

      **DONE** and **ORDERED** in Orlando, Florida on November 17th, 2014.




                      ROY B. DALTON JR.
                      United States District Judge




Copies furnished to:
OrlP-2 11/17
Charles S. Hall
Counsel of Record

---

[2]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*,

    The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.